## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CODY J. CHISM,
ADC # 138088                                                                                    PLAINTIFF

V.                                      5:14CV00377 KGB/JTR

LASONYA GRISWOLD, Nurse,
Cummins Unit, et al.                                                                       DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States Kristine

G. Baker. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.   An original and one copy of your

objections must be received in the office of the United States District Clerk no later

than fourteen (14) days from the date of the findings and recommendations.  The copy

will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Cody J. Chism, is an inmate of the Cummins Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that Defendants have violated his constitutional rights.  Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that Defendants Lasonya Griswold,

Estella Bland, William Warren, Rory Griffin be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted against them.[1]

## II. Discussion

Plaintiff alleges that Defendants Lasonya Griswold, Estella Bland, William Warren, Rory Griffin exhibited deliberate indifference to his serious medical needs. He is suing each Defendant only in his or her official capacity. *Doc. 2 at 2.*

He alleges that he developed a heat rash while working on the prison "rice squad." *Id. at 4*. He claims he was seen by Defendant Griswold, who allegedly misdiagnosed his condition as a fungus and prescribed him medicine that "did not work at all." *Id*. Plaintiff then alleges that, on a subsequent examination, Defendant Bland disagreed with Defendant Griswold's diagnosis and prescribed a different medical cream. *Id*. Plaintiff claims that he was eventually referred to Defendant Warren who prescribed still another lotion. *Id*. Plaintiff alleges that he never received the lotion prescribed by Defendant Warren. *Id*.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Between these examinations, Plaintiff alleges that he submitted numerous sick calls which were either refused or returned to him. *Doc. 2 at 4.* He does not allege, however, that any of the named Defendants were responsible for denying those sick calls.

In his prayer for relief, Plaintiff seeks fifty dollars per day for his alleged pain and suffering and, as injunctive relief,  to be "taken out of the heat." *Id. at 5.*

## A.    Defendants Griswold, Bland, and Warren

Importantly, Plaintiff brings this action against each Defendant *only in his or her official capacity*. According to Plaintiff, Defendants Griswold, Bland, and Warren are employees of Correct Care Solution. *Id. at 1-2.*

To state a claim against an official in his or her official capacity, a plaintiff must allege that some policy or custom of their employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Here, Plaintiff has failed to allege that any policy or custom of Correct Care Solutions was responsible for his allegedly inadequate medical care. Accordingly, as a matter of law, Plaintiff's official capacity claims against the Correct Care Solutions defendants fail to state a claim upon which relief can be granted.

Even if the Court were to assume that Plaintiff intended to assert personal

capacity claims against these Defendants, those claims would still not be viable under § 1983. A claim of deliberate indifference requires "more than negligence, more than even gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Instead, deliberate indifference is akin to criminal recklessness. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

Here, Plaintiff alleges that each of the medical defendants attempted to diagnose and treat his condition. *Doc. 2 at 4.* Plaintiff admits that, after examining him, each of the Defendants prescribed medication for his condition.[2] Plaintiff nowhere alleges that Defendants were anything but earnest in their attempts to treat him. The fact these attempts at treatment may have been unsuccessful is insufficient to establish a claim for deliberate indifference. Based on Plaintiff's allegations, at most, these Defendants may have been negligent in their diagnoses and prescribed treatment. This, however, is insufficient to state a claim under § 1983.

## B. Defendant Griffin

Plaintiff's official capacity claims for damages against Defendant Griffin are

---

[2]There is no indication in Plaintiff's Complaint that Defendant Warren was himself responsible for the alleged failure to provide him with the lotion after it was prescribed.

barred by sovereign immunity.[3] It is well established that an official capacity suit against a state or municipal official is akin to a claim against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a suable "person" under 42 U.S.C. § 1983 does not include a state, a state agency, or a state official sued in their official capacity for damages. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). As an employee of the ADC, an official capacity claim for damages against Defendant Griffin would be, in effect, a claim against a state agency. As such, claims for damages against him are barred.

The Court also concludes that Plaintiff's claims for injunctive relief and any potential personal capacity claims based on these same allegations also fail to state a claim against Defendant Griffin. Plaintiff's sole claim against Defendant Griffin is that he did not properly respond to a grievance filed on May 9, 2014. *Doc. 2 at 4.* Denials of grievances, however, do not state a substantive constitutional claim. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). As such, Plaintiff has failed to state a viable claim against Defendant Griffin.

## III.   Conclusion

---

[3]Plaintiff identifies Defendant Griffin as the ADC "Deputy Director" or "Medical Director." *Doc. 2, at 2 & 4.*

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Complaint (*Doc. 2*) be DISMISSED without prejudice.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 13<u>th</u> day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."